GALENA AND SOUTHERN WISCONSIN RAILROAD CO.

*v.*

JAMES HASLAM *et al.*

1. PRACTICE—*examination of jurors as to competency.* It is proper, on examination of a juror touching his qualifications, to ask him which way he will decide in case the evidence is equally balanced in a suit between a railroad company and an individual.

2. SAME—*permitting jurors to examine land sought to be condemned.* The statute makes it the duty of the court to permit the jury to go upon the land sought to be taken or damaged, in person; but at what time in the progress of the trial they shall go, is in the sound discretion of the court.

3. RIGHT OF WAY—*who entitled to have damages assessed.* Where a party has conveyed land, but reserved in his deed the privilege of a water power, and the right to enter upon so much of the land as may be needful for an abutment on the bank, he has such interest in the land as may be affected by the construction of a railroad, and the railroad company can not appropriate the land to its own use without ascertaining, in the mode pointed out in the statute, what damage he will sustain.

4. EVIDENCE—*opinion of witnesses.* It is competent for witnesses to give their opinion as to the amount of damage occasioned to the owners of land by the construction of a railroad, and when they possess peculiar knowledge of the facts, such evidence is often valuable.

Appeal from the Circuit Court of Jo Daviess county; the Hon. William Brown, Judge, presiding.

Mr. M. Y. Johnson, for the appellant.

Messrs. D. & T. J. Sheean, for the appellees.

Per Curiam: When the jury were being impanelled, several of the jurors answered, in reply to questions propounded by counsel for the company, they were not Grangers or Patrons of Husbandry; that they had no prejudice against railroad corporations; that they could decide a case between a railroad corporation and an individual in the same impartial manner they would between two individuals, and were then, severally, asked the following question: "In case the evidence is equally balanced between the railroad company and an individual, which way would you decide?" The court sustained the objection interposed to allowing the several jurors to answer this question. On the authority of *The Chicago and Alton Railroad Co.* v. *Adler*, 56 Ill. 347, the court ought to have permitted the jurors to answer the question. The views of the court were stated in the opinion in that case upon this question, and it is not necessary to restate the reasoning by which the conclusion was reached. It is enough the point has been once decided.

Inasmuch as a new trial of the cause may be had, it is proper we should state our views on the other causes of error assigned.

After the jury had been impanelled, the counsel for appellees requested the court to allow them to go out and examine the land sought to be taken. Appellant's counsel objected, unless they should be allowed to go out after the evidence should all be heard, and again examine the premises. The court decided, the jury might go out immediately after the counsel for the respective parties had made their opening statements of their case, and not afterwards. This was done, and the action of the court in this regard is assigned for error.

Our statute makes it the duty of the court, at the request of

either party, to permit the jury to go upon the land sought to be taken or damaged, in person, and examine the same, but is silent as to what time in the progress of the trial it will allow them to go. It is imperative the court shall allow the jury, when so requested, to go upon the land, but at what stage of the case is obviously in the sound discretion of the court, and we can not undertake to review its action in that particular. So far as we can see, it makes no difference whether it is before or after the testimony is heard.

The company made Benjamin Burton and Edith Burton, his wife, parties to the condemnation proceedings, because, as it alleges, there was a defect in the deed made by them for sixty acres of the land described in the petition. They disclaim, in their answer, any interest in that tract, but allege they have an interest in a valuable water power, reserved in the deed of Robert Burton and others to Priscilla Haslam, for the 127 acres described in the petition.

On the trial, the deed containing the reservation of the water power was read in evidence, over the objection of appellant. No specific, but only a general objection was made to the reading of the deed. It seems to us, it was properly admitted in evidence.

The grantors in the deed, of whom Benjamin Burton was one, reserved the privilege of the water power, and the right to enter upon so much of the land conveyed as was needful for an abutment on the west bank of the Galena river. This privilege was about to be destroyed or damaged by the construction of the railroad. The deed was not offered with a view to try the title to the land, but to show the nature and extent of Benjamin Burton's interest. For this purpose it was certainly admissible. His answer could be treated as a petition alleging his interest, and, being a party to the proceeding, the court had jurisdiction to cause his damages to be assessed with the other claimants. He had an interest in the land sought to be taken that would be affected by the construction of the railroad. The company could not appropriate it to their own use with-

out ascertaining, in the mode pointed out in the statute, what damages, if any, the owner would sustain.

Witnesses were allowed to give their opinions as to the damages sustained by the several claimants by reason of the construction of the railroad, notwithstanding the objection of appellant. This practice is warranted by the rule stated in *Ottawa G. L. & C. Co.* v. *Graham,* 35 Ill. 346. It is one mode of arriving at the true measure of damages, and when the witness possesses peculiar knowledge of the facts, it is often valuable evidence. The rule has its foundation in obvious necessity. It is sometimes very difficult to convey to the mind of the jury an accurate idea of the location of the premises, and exactly how they may be affected by the contemplated improvements. This difficulty has given rise to an exception to the general rule, that the witness must be confined to a detailed statement of facts. In such cases, his opinion as to the damage sustained is admissible, and is to be considered in connection with the other evidence in the case.

The following cases are additional authorities to the decisions in this court sustaining the action of the circuit court in the admission of the evidence: *Shallaich* v. *Stoneham Railroad Co.* 6 Allen, 115; *Clark* v. *Band,* 5 Selden, 183.

For the single error indicated, a majority of the court are of opinion the judgment must be reversed and the cause remanded.

*Judgment reversed.*