Meaux v. Town of Whitehall.

JOHN E. MEAUX

v.

THE TOWN OF WHITEHALL.

1.  JURORS—CHALLENGE FOR CAUSE—BIAS AGAINST LIQUOR SELLER. —Where a juror, upon his *voir dire*, stated that in case the evidence was equally balanced he would find against the defendant, he is not a competent juror, and it is error to refuse a challenge for cause. So, also, when the juror stated that he would not give the same weight to the testimony of one engaged in the liquor traffic, that he would to those engaged in other business.

2.  ERROR IN REFUSING TO SET ASIDE JUROR FOR CAUSE NOT CURED, BECAUSE HE WAS AFTERWARDS CHALLENGED PEREMPTORILY.—The error in refusing to sustain the challenge to the three jurors for cause is not affected by the fact that the defendant afterwards challenged them peremptorily. These three peremptory challenges were all he was entitled to, and in consequence he was compelled to take other jurors, who were hardly less objectionable.

APPEAL from the County Court of Greene county; the Hon. L. E. WORCESTER, Judge, presiding. Opinion filed January 18, 1881.

Messrs. MYERSTEIN & HENSHAW, for appellant; that the bias of the jurors, as shown in their examination upon *voir dire*, was a sufficient ground for a challenge for cause, cited Albrecht v. Walker, 73 Ill. 69; Robinson v. Randall, 82 Ill. 521.

The complainant must prove either that the beverages sold

were whisky or beer, or that they were intoxicating: Village of South Evanston v. Mares, 1 Chicago Law Jour. 58.

The evidence must be of such a character as to create a reasonable and well founded belief of the guilt of the defendant. T. P. & W. R. Ry. Co. v. Foster, 43 Ill. 480.

Messrs. RIGGS & HENDERSON, for appellee; cited Robinson v. Randall, 82 Ill. 521; Musick v. The People, 40 Ill. 2 8; Winneshiek Ins. Co. v. Schuller, 60 Ill. 465.

HIGBEE, J. This was a suit by appellee against appellant to recover a penalty for the violation of its ordinances forbidding the sale of intoxicating liquors.

When the jury was being impaneled three of them, Joseph Steele, John G. Dick and James Thompson, having been accepted by appellee, were examined touching their qualifications as jurors, by appellants, and each stated in substance that he had a prejudice against the sale of liquor in any form; thought its sale a perfect nuisance and a very low business, and had no sympathy with a man engaged in the business.

Would do all he could, short of violence to stop the manufacture or sale of liquor; could not, all else being equal, give the testimony of a person engaged in the sale of intoxicating liquors the same weight that he would to a person engaged in the sale of dry goods, and that if the evidence were equally balanced, he would find a verdict against the defendant. These jurors were each challenged by appellant for cause, but the court held them competent and refused to allow the challenge.

It was expressly held by the Supreme Court in the cases of Chicago & Alton R. R. Co. v. Adler, 56 Ill. 345, and G. & W. R. R. Co. v. Haslem et al. 73 Ill. 494, that a juror who stated upon his *voir dire* that in case the evidence were equally balanced he would find against the defendant, was not a competent juror, and that it was error to refuse a challenge by the defendant to such a juror.

It was said by the court in C. & A. R. R. Co. v. Adler, *supra*, "Nor can it be said that instructions from the court would correct the bias of jurors who swear they incline in favor of one of the litigants."

It was also decided in the case of Robinson et al. v. Randall, 82 Ill. 521, that a juror who stated on his *voir dire* that he would not give the same weight to the testimony of one engaged in the sale of intoxicating liquors that he would to those engaged in other business, was not a competent juror in a suit against a person for selling intoxicating liquor.

These authorities are in point, and binding upon this court.

It is insisted that appellant sustained no injury, because he subsequently challenged each of said jurors peremptorily, and they were not allowed to serve on the trial.

Had not all of his challenges been exhausted he might not have been prejudiced by the action of the court, but such was not the case. These three peremptory challenges were all he was entitled to by law, and he was compelled to take other jurors afterwards who were hardly less objectionable than Steele, York and Thompson.

It makes no difference that appellee was not sworn as a witness.

If the jurors would not give him credit in consequence of his business, they were not impartial, and therefore not competent.

Reversed and remanded.