THE KANKAKEE AND SENECA RAILROAD COMPANY

*v.*

GEORGE STRAUT.

*Filed at Ottawa May 12, 1882.*

1. EMINENT DOMAIN—*right to have jury view land after the evidence and arguments.* The statute giving the right to have the jury go on the land sought to be condemned, or damaged, in a proceeding for right of way, and examine the same, is imperative, and fixes no time when it shall be allowed, and it is error to refuse a motion to have the jury view the premises, even after the evidence has been closed and the arguments heard, but before the instructions are given.

2. The right of either party, in a proceeding to condemn land, to have the jury go upon and examine the premises, may be exercised at any stage of the case before the court gives its instructions, and it is error to deny the exercise of such right.

APPEAL from the County Court of Grundy county; the Hon. SAMUEL B. THOMAS, Judge, presiding.

Mr. MARSHALL NEY ARMSTRONG, for the appellant:

The court erred in not allowing the jury to go upon the land when requested by the petitioner. Rev. Stat. 1877, chap. 48, sec. 9; *Galena and Southern Wisconsin R. R. Co.* v. *Haslam et al.* 73 Ill. 494.

The discretion of the court goes only as to the time when the jury shall go and see the land, but not as to whether they shall or not. It could work no injustice for them to view the land after the close of the argument.

Messrs. DOUD & WING, for the appellee:

The present statute enables either party to a condemnation proceeding to make the jury's personal examination evidence in the case. Like any other evidence, the party desiring to avail of it must do so in apt time. The court's refusal, after the close of the argument, was a matter of discretion not reviewable. *Goodrich* v. *City of Minonk*, 62 Ill. 122.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a petition to condemn the right of way for the location of its road over a portion of appellee's land. A trial was had, and the jury assessed $400 as the damages appellee would sustain by reason of the construction of the road. A motion for a new trial was entered, but it was over-ruled by the court and an order of condemnation entered, in pursuance of the statute, and the company appeals and asks a reversal.

In the view we take of the case it becomes necessary to consider but one question discussed. After the evidence was heard and the case was argued, but before the jury were instructed by the court or had retired, appellant moved the court to permit the jury to go upon and view the ground upon which it was proposed to locate the road. The motion was denied, and this ruling of the court is urged as error.

Section 9 of the Eminent Domain act provides, that "said jury shall, at the request of either party, go on the land sought to be taken or damaged, in person, and examine the same, and after hearing the proof offered, make their report in writing, and the same shall be subject to amendment,"

etc.   This provision of the statute is peremptory, and leaves no discretion in the court.

But it is insisted that the application was made too late— that having failed to make it before the evidence was heard, the right was waived.   No time is specified in the statute,— it simply commands that it shall be done when requested. In the case of *Galena and Southern Wisconsin R. R. Co.* v. *Haslam,* 73 Ill. 494, we said that while the statute was silent as to the time in the progress of the trial they shall be allowed to go, it is imperative that it shall be allowed when requested. It was also said that we were unable to see that it could matter whether it was before or after the evidence is heard. We can still see no difference.   It is a statutory right, and we have no power to deprive a party of it by mere. technical rules.   If we could see that it would work any injury to the opposite party to permit it after evidence and arguments .were heard, we should hold otherwise; but we perceive none, nor has any been suggested.   The jury can understand and apply the evidence and arguments on seeing the premises after as well as before they are heard.   We are therefore of opinion that it is in the discretion of the judge to permit the examination at any time before the jury are instructed by the court.   Had the right not been absolutely given by the statute, we would probably hold otherwise.   For this error the judgment must be reversed, and the cause remanded.

As the evidence is liable to be different on another trial, it is not necessary that we should discuss it in this case, and if it should be, other instructions will be required.   It is therefore unnecessary to discuss those in this record.

*Judgment reversed.*