(No. 37780.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* EMIL REMMERIE *et al.,* Appellants.

*Opinion filed September 27, 1963.*

STEWART R. WINSTEIN, of Rock Island, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (BERNARD J. MORAN, RICHARD E. QUINN, and HAROLD G. ANDREWS, Special Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The Department of Public Works and Buildings on November 30, 1960, filed a petition to condemn a portion of defendants' property located in Moline for highway improvement purposes. Subsequently, the Department moved for immediate vesting of title, or "quick-take", under the Eminent Domain Act (Ill. Rev. Stat. chap. 47, pars. 2.1 *et seq.*) In March, 1961, an order was entered for immediate vesting of title, and petitioner took possession of the tract on June 2, 1961. Petitioner then commenced construction and completed the relocation and paving of the highway prior to the jury trial on October 8, 1962. At the trial the petitioner moved for a jury view of the premises and the motion was allowed over defendants' objection. The jury examined the premises, with the aid of engineer's flags or markers showing the original boundaries of the premises, and returned a verdict of $1,100 for land taken, and $3,900 for damages to the remainder. Defendants appeal from the judgment entered on the verdict, contending that the trial court erred in permitting a jury view of the premises after the highway improvement had been completed and that the court further erred in permitting petitioner to cross-examine defendants' witnesses in relation to the actual loss of rentals after the improvement had been completed.

The petitioner insists that it had an absolute right to a

jury view of the premises and that no error was committed in cross-examination because the questions related to subject matter introduced by defendants.

The Eminent Domain Act provides for a view of the premises by the jury upon motion of either party (Ill. Rev. Stat. 1961, chap. 47, par. 9). Prior to the enactment of the "quick-take" provisions of the Eminent Domain Act this court determined that the trial court had a mandatory duty to allow a jury view of the premises upon the request of either party. (*Kankakee and Seneca Railroad Co.* v. *Straut,* 102 Ill. 666; *Galena and Southern Wisconsin Railroad Co.* v. *Haslam,* 73 Ill. 494.) We further held that this absolute right to a jury view of the premises existed even though it was claimed that there was a substantial change in the condition of the premises between the date of filing the petition for condemnation and the time of the jury view. (*South Park Comrs.* v. *Livingston,* 344 Ill. 368, 374.) The situation has been changed by the enactment of the "quick taking" statute, and under that procedure there may now be situations in which a requirement that the jury must view the premises would result in injustice. In a similar case the Seventh Circuit Court of Appeals considered the argument that a jury view after the improvement had been made was prejudicial to the defendant. The court, after interpreting section 9 of the Illinois Eminent Domain Act, concluded that there was no error in permitting a jury view after the improvement had been made by the Federal government. *United States* v. *2.4 Acres of Land More or Less,* (7th cir.) 138 Fed. 2d 295.

We find nothing in our decision in *Dept. of Public Works and Buildings* v. *Christensen,* 25 Ill.2d 273 cited by defendants bearing upon this question.

In the present case the part taken was a triangular piece and the taking resulted in reducing the parking area adjacent to the rear of defendants' apartment building and

bringing the highway closer to the rear of said apartment building. The boundaries of defendants' land prior to the taking were clearly explained to the jury and counsel had ample opportunity in argument to point out the change of conditions between filing of the petition for condemnation and the time of the jury view. The award of $5,000 was also well within the range of the expert testimony relating to value.

At the location of the improvement the city engineer for the city of Moline pointed out to the jury the markers and how the land existed prior to the improvement. Both of petitioner's expert appraisers testified as to the value of the land taken and the damage to the remainder not taken as of the date of November 30, 1960, the date when the petition for condemnation was filed. Petitioner introduced photographs of the premises prior to improvement by the State, and the court instructed the jury that their verdict was to be based upon valuations as of November 30, 1960. Upon the facts of this case we hold that the trial court did not abuse its discretion in permitting the jury to view the premises.

The defendants also contend that the trial court erred in permitting petitioner, on cross-examination, to adduce proof of the extent of the actual loss suffered by defendants after completion of the improvement. They base their argument, at least in part, on section 2.5 of the Eminent Domain Act which provides that neither party shall be prejudiced in contesting the amount of just compensation by reason of a prior "quick-taking." (Ill. Rev. Stat. 1961, chap. 47, par. 2.5.) They point out that in the absence of the prior taking and completion of the improvement, actual loss of rentals could not be determined, and therefore they were prejudiced by the "quick-take."

We think that the clear inference of the testimony introduced by defendants was that the completed improve-

ment tended to diminish the rental value of the premises. At the trial defendants' appraisers computed damage to remainder on the basis of a potential reduction in rentals after the improvement. One witness testified that "the owner will have to expect to get an average of $12 * * * rather than $16 which he is presently getting, or was getting at the time of my original appraisal." On cross-examination he testified over objection that he did not know if there had been an actual decrease in rentals.

Defendant Morasch testified that he and his wife moved from the premises after the taking because of the "racket" and the "complicated mess" caused by the improvement. On cross-examination he was asked, over objection, whether his apartments were rented, and for what price. Defendants' witness Jack Meyers also testified to actual inconveniences after the taking.

We think it clear that the cross-examination complained of was proper since defendants first introduced testimony regarding both potential decrease in rental income, and actual rentals, and also that the improvement caused an actual vacation of the premises. If there was any error in admission of related evidence on cross-examination, it was clearly invited by the testimony originally adduced by the defendants. *Armstrong* v. *Chicago and Western Indiana Railroad Co.* 350 Ill. 426.

No error was committed by the trial court in permitting a jury view of the premises and permitting the cross-examination of witnesses, and the jury verdict was well within the range of the testimony. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*