LAKE COUNTY FOREST PRESERVE DISTRICT, Plaintiff-Appellee, *v.* VERNON HILLS DEVELOPMENT CORPORATION, Defendant-Appellant.

Second District    No. 79-189

Opinion filed June 17, 1980.

Roger J. Guerin, of Rothschild, Barry & Myers, of Chicago (Jerome M. Devane and Norman J. Barry, of counsel), for appellant.

Donald T. Morrison, of Morrison and Nemanich, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The Vernon Hills Development Corporation, defendant (the Owner), appeals from a condemnation judgment entered on a jury verdict in the amount of $450,000 in a suit brought by the Lake County Forest Preserve District (the District). The Owner contends that the arguments of plaintiff's counsel and the rulings of the trial court on the admission of evidence prevented a fair trial.

The petition to condemn was filed on July 5, 1974, for the acquisition of approximately 40 acres. On January 13, 1976, the District was granted leave to file an amendment increasing the size of the proposed taking to approximately 65.8 acres. The order granting the District leave to change the description also provided that the valuation date was January 13, 1976.

The subject property is part of an irregularly shaped 212-acre parcel located at the southeast corner of the intersection between Milwaukee Avenue and Route 60. It is in unincorporated Lake County and is zoned E-Estate and SE-Suburban Estate. The eastern boundary of the parcel is approximately one mile of frontage on the DesPlaines River.

The trial commenced on November 27, 1978. The District called witnesses who testified to the planned use by the Forest Preserve District; to the flooding tendency of the DesPlaines River; to the fact that much of the subject property was in the flood plain of the DesPlaines River; to the capability of local sewage treatment and water facilities; and to the possibility of rezoning or annexation. Further, it called three appraisal witnesses who all agreed that the highest and best use of the land was mixed commercial and residential development. Their appraisals for the land taken ranged from $260,000 to $292,300.

The Owner presented two appraisers, both of whom testified that the highest and best use of the land was for a planned unit development. Under such a plan, density transfers may be permitted for the land left in open spaces or recreational uses. These witnesses testified as to the availability of sewer and water facilities and to the possibility of annexation. Their values ranged from $1,580,000 to $1,645,000 for the land taken. The Owner also presented testimony from a land planner as to the planned unit developments already in the area, and to his proposed use of

the property as a multi-use development, consisting of a combination of commercial, office, research, residential, and greenbelt uses with a nine-hole golf course located on the land to be taken. The trial court refused to admit a drawing the planner had prepared to illustrate his testimony.

Closing argument was held without a reporter being present. The Owner's motion for a new trial was denied. The Owner appeals from the award and from the denial of a new trial.

■■ A review of the claimed improper closing argument is complicated by the fact that it was not reported and is thus not in the transcript of the trial proceedings. It is an established rule that a prejudicial remark in final argument cannot be considered by a reviewing court if it is not reported in the transcript. (*E. A. Meyer Construction Co. v. Drobnick* (1964), 49 Ill. App. 2d 51, 56; *Peru Steel Erectors, Inc. v. Yirga* (1972), 8 Ill. App. 3d 997, 999.) The argument was, however, partially reconstructed in the record of the hearing on the motion for a new trial. At that time, the District's counsel admitted that he asked the jury "what would you pay for the property?" However, he also stated that the statement was immediately objected to; that the objection was sustained by the trial court, who then instructed the jury to disregard this statement; and, further, that the District's counsel also stated that he had misspoken and that the jurors were to apply the standard they would be instructed upon.

■■ Clearly, it is error for the District's counsel in a condemnation case to ask the jury what they would pay for the property. That inquiry is irrelevant, for the standard is what is the fair market value of the property at its highest and best use. However, it has been repeatedly held that generally an alleged improper remark of counsel in closing argument is not prejudicial and will not be reversible error where, as here, the trial court has sustained the objection of the opposing party. (*Forest Preserve District v. Kelley* (1979), 69 Ill. App. 3d 309, 319; *Goldstein v. Hertz Corp.* (1973), 16 Ill. App. 3d 89, 95.) The trial court is in the best position to determine if the improper argument is so prejudicial as to require a new trial and its ruling will be upheld absent an abuse of discretion. (*Maguire v. Waukegan Park District* (1972), 4 Ill. App. 3d 800, 805; *Bise's Supermarket, Inc. v. Valley Forge Insurance Co.* (1977), 48 Ill. App. 3d 822, 824-25.) Here the trial court specifically found in the hearing on the motion for a new trial that the improper statement was effectively cured and was not prejudicial. This finding is of particular significance in the absence of a transcript of the entire argument which would place the statement in the context of the entire closing argument, which the trial judge had heard and to which we have been denied access. It is, of course, no excuse to argue as the Owner has done that it was not aware of the local practice and assumed that the argument was being taken. We find no reversible error on this ground.

The other matters which the Owner contends involve trial errors concern the admission of an aerial photograph of the subject property taken on March 8, 1976, almost two months following the valuation date, and the refusal of the trial court to admit three exhibits of the proposed development of the parcel.

The trial court admitted plaintiff's exhibit No. 4, an aerial photograph taken on March 8, 1976, at what the Owner claims is of somewhat oblique angle, and which showed the property in a severely flooded condition. The District offered this photograph for admission four times before it was finally accepted. The Owner objected to the photograph on the ground that it was taken after the date set by the court as the date of valuation. The court, however, sustained the objection on the ground that the picture, taken in conjunction with the previously admitted photograph which showed the property in a flooded condition, created an unfair impression that the property was in perpetual flood. Between the time the exhibit was first offered and finally accepted, a photograph of the property in an unflooded condition was introduced and the District's witnesses testified as to the flood levels on the DesPlaines River. In finally admitting the exhibit into evidence the trial judge indicated that the only reason he had for not admitting it previously was that he did not want the jury to get it on a slanted basis; but that since he had allowed the District to put in an aerial photograph taken after the valuation date showing the property in an unflooded condition there was a fair portrayal of the character of the property. In addition, he noted that since his first ruling a witness had testified to the conditions.

■■ To be admissible, a photograph must have a tendency to prove an issue in the case or be a portrayal of certain facts relevant to a particular issue. (See, *e.g., Casson v. Nash* (1977), 54 Ill. App. 3d 783, 795, *aff'd* (1978), 74 Ill. 2d 164.) The Owner argues that the photograph is not relevant since the issue in trial is the value at the valuation date and the photograph shows the property in a flooded condition after that time. However, the uncontested testimony established that the property was subject to periodic flooding. Further, the testimony established that on at least two previous occasions the water level was higher than that portrayed in the picture. Finally, witnesses had testified without objection to the flood portrayed in the photograph, including reference to the level on the very day that the photograph was taken. On cross-examination, the Owner's attorney questioned further on the 1976 flood to determine how quickly the water had receded, despite the fact that the flood occurred after the date of valuation. Thus, the picture is merely illustrative of testimony admitted without objection.

The mere fact that the photograph was taken after the valuation date does not make it inadmissible in a condemnation case. (See *Department*

*of Public Works & Buildings v. Hall* (1975), 30 Ill. App. 3d 831, 837.) A necessary inquiry is whether the photographs of land to be taken in a condemnation suit accurately portray the conditions that the land was subject to prior to the valuation date. While photographs of the appearance and condition of land or other inanimate objects taken after a material change in the appearance and condition are generally inadmissible, there is no requirement that the situation or condition must be precisely the same. "It is sufficient if the condition is substantially unchanged [citation], or if the things sought to be shown by the photograph remain truthfully represented [citations] or if the photograph is satisfactorily shown to be such an accurate representation ° ° °. [Citations.]" *Casson v. Nash* (1977), 54 Ill. App. 3d 783, 795. *Cf. Offutt v. Pennoyer Merchants Transfer Co.* (1976), 36 Ill. App. 3d 194, 203, and *Burnett v. Caho* (1972), 7 Ill. App. 3d 266, 271.

■ In this case there was no change of topography or the physical aspect of the land represented by the aerial photograph in question. The flood portrayed was several feet lower than other floods testified to which the property had experienced prior to the valuation date. Thus, the picture is an accurate representation of a condition to which the property was periodically subject. The admissibility of photographs is within the discretion of the trial court and the reviewing court will not reverse unless under the circumstances presented there was an abuse of discretion. (*Casson v. Nash*, at 796; *Lawson v. Belt Ry. Co.* (1975), 34 Ill. App. 3d 7, 21.) Here, the trial court carefully considered the effect of the photograph in relation to the other exhibits and the accuracy of its depiction. In admitting the photograph in question, the court was within its proper discretion.

The court also refused to admit three exhibits of the proposed development of the parcel prepared by a land planner employed by the Owner and offered by the Owner to illustrate the planner's testimony at trial. The District objected on the grounds that the exhibits were prepared for the purpose of litigation and were therefore purely speculative.

■ Visual representation of proposed developments are governed as to admissibility by an analysis of the purpose of the offer. The Illinois Supreme Court has stated:

"° ° ° [T]he question of whether evidence of this kind is proper depends entirely upon the purpose for which it is offered and to which it is limited by the court. If it is offered merely as an illustration of one of the uses to which the property is adapted and it is clearly and expressly limited by the court to such object it will not be prejudicial error to admit it, but, if the object is to enhance the damages by showing such a structure would be a profitable investment, it is clearly incompetent. ° ° ° the practice of

introducing such evidence should not be encouraged, as there is generally more or less danger of its being misunderstood by the jury." (*Department of Public Works & Buildings v. Lambert* (1952), 411 Ill. 183, 192.)

Plats, photographs, drawings and diagrams which illustrate the subject matter of testimony may be admissible in a particular case. (See *Department of Public Works & Buildings v. Chicago Title & Trust Co.* (1951), 408 Ill. 41, 52.) In that case, contour maps colored by witnesses to illustrate portions of condemned property, which the witnesses testified were subject to flooding, were held properly admissible. In *Lambert*, an architect's drawing of a proposed motel and trailer court which had been prepared for trial was held to have been properly refused admission in the exercise of the trial court's discretion, the court noting that "Lambert's own drawings and plans of contemplated improvements" had been admitted. (411 Ill. 183, 193.) In *Department of Conservation v. Aspegren Financial Corp.* (1977), 47 Ill. App. 3d 118, 130, affirmed without discussion of this issue in 72 Ill. 2d 302, we held that the offer of a proposed development plan prepared by a professional land planner was properly rejected in the exercise of the trial court's discretion when shown that it was prepared the day before trial and opportunity for discovery was thereby precluded.[1]

■■ ■ The cases illustrate that the overriding consideration in ruling on demonstrative exhibits is one of relevancy and fairness. (*Lambert*, 411 Ill. 183, 192; *Forest Preserve District v. South Holland Trust & Savings Bank* (1976), 38 Ill. App. 3d 873, 878.) However, the question of the admissibility of such exhibits is a matter of the trial court's discretion. (*Lambert*, at 193; *South Holland Trust & Savings Bank*, at 877.) In this case, it was not an abuse of discretion for the trial court to refuse to admit these drawings which were aimed particularly at a possible development of the land, when the exhibits were not relied upon by the Owner's appraisers in reaching their opinions of value and when the testimony was in dispute as to whether annexation, sewer, water and development possibilities were available to permit the development of the land in this manner. Moreover, even if the exhibits were admissible the trial court did

---

[1] There is dicta in *Aspegren* (47 Ill. App. 3d 118, 130) that may be read to infer that development plans may not be introduced unless in compliance with rules governing the introduction of plats (*i.e.* (1) of record, (2) surveyed into lots according to the plat, (3) certain to become an official plat, and (4) not prepared for trial. See *Forest Preserve District v. Wallace* (1921), 299 Ill. 476, 485; *Department of Conservation v. First National Bank* (1976), 36 Ill. App. 3d 495, 499.) We did not and do not intend that all demonstrative exhibits be required to comply with the requirements applicable to plats in order to be admissible in every case. In *Forest Preserve District v. Kelley* (1979), 69 Ill. App. 3d 309, 322-23, a land planner was permitted to testify in connection with an exhibit showing a planned unit development. While the plan was admitted by the trial court without objection, on review we did not find any apparent error *sua sponte*.

not commit reversible error in refusing to admit them. Drawings such as these are demonstrative only; they are not evidence in themselves. In addition, the Owner's planner testified as to all the underlying premises of the exhibit. In *Lambert*, for example, the court held that where, as in our case, various witnesses testified as to the suitability of the premises for the proposed use, there was no abuse of discretion in the trial court's refusal to admit the drawing. 411 Ill. 183, 193.

We are also mindful of the considerations that the jury viewed the premises and that the verdict is within the range of the evidence. We therefore conclude from the entire record that the verdict is not the result of prejudice nor is it based upon a clear and palpable mistake, which could justify reversal. (*Forest Preserve District v. Kelley* (1979), 69 Ill. App. 3d 309, 319.) The judgment is therefore affirmed.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.