THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Plaintiff-Appellant, v. GRAND MANDARIN RESTAURANT, INC., *et al.*, Defendants-Appellees (Bank of Lisle *et al.*, Defendants).

Second District   No. 2—88—1137

Opinion filed September 28, 1989.

Neil F. Hartigan, Attorney General, of Springfield, and Rudnick & Wolfe, of Chicago (Malcolm E. Erickson, Special Assistant Attorney General, of Oak Brook, and Thomas F. Geselbracht, of counsel), for appellant.

Righeimer, Martin & Cinquino, P.C., of Chicago, and S. Louis Rathje, of Rathje, Woodward, Dyer & Burt, of Wheaton (Leo N. Cinquino and Celeste P. Cinquino, of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the Illinois State Toll Highway Authority, filed a condemnation petition in the circuit court of Du Page County seeking to condemn a parcel of improved property containing a restaurant and

banquet facility, naming as defendants Grand Mandarin Restaurant, Inc., Frank Lee, Bank of Lisle as trustee under trust No. 85—35, Bank of Lisle, Chicago Title and Trust Company as trustee under trust No. 52709, American National Bank and Trust Company of Chicago as trustee under trust No. 54883, and certain unknown owners. A default order against unknown owners, Bank of Lisle, Chicago Title and Trust Company as trustee under trust No. 52709, and American National Bank and Trust Company of Chicago as trustee under trust No. 54883 was entered, and those defendants are no longer parties to this action. A jury awarded the remaining defendants $875,000 for the taking of the subject property.

Plaintiff raises four issues on appeal: (1) whether the trial court abused its discretion in refusing to admit a video tape of the interior and exterior of defendants' restaurant and banquet facility; (2) whether the trial court abused its discretion in excluding evidence of the 1982 purchase price of the subject property paid by defendants; (3) whether it was an abuse of discretion to exclude evidence of a written 10-year lease agreement and an oral lease agreement between defendants and the prior owner of the subject property; and (4) whether the trial court abused its discretion in refusing to admit in rebuttal certified copies of a recorded deed and real estate transfer tax declaration regarding the 1987 sale of a piece of property when defendants' expert used the 1982 sale of the same property in valuing the subject property.

We set forth only those facts necessary to dispose of the issues raised on appeal. Plaintiff filed a complaint for condemnation, on August 19, 1987, seeking to condemn a parcel of property and the improvements thereon located at 400 Ogden Avenue in Du Page County. The subject property consists of approximately 61,300 square feet upon which is located a restaurant with a five-room apartment on the second floor and a second, detached building which houses a banquet facility. Plaintiff subsequently filed a motion under the quick-take provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 7—103, 7—104, 7—105), and on September 9, 1987, the circuit court ordered just compensation, pursuant to the quick-take procedure, of $770,000. On September 16, 1987, the circuit court entered an order vesting title in the subject property in plaintiff and authorizing plaintiff's immediate possession of the property except for the two structures thereon. The court further ordered defendants to pay $192.50 per day rent for each day they remained in possession of the two buildings after October 1, 1987.

On September 23, 1987, defendants petitioned for withdrawal of

preliminary compensation, and the circuit court entered an order withdrawing the preliminary award. A jury trial commenced on September 23, 1988.

Prior to trial, defendants made several motions *in limine*. The first sought to bar plaintiff from introducing evidence of written and oral lease agreements for the two buildings entered into by defendant Frank Lee in 1977, and the second sought to prohibit introduction into evidence of the 1982 purchase price of the property. Both motions were granted. Finally, defendants moved *in limine* to prohibit introduction of a video tape of the restaurant and banquet hall taken on October 5, 1987, a date after which various equipment had been removed from the premises and after the valuation date of August 19, 1987. The circuit court also granted that motion after reviewing the video.

At trial, both parties offered expert opinion evidence of the value of the subject property. Plaintiff's two experts valued the property at $370,000 and $395,000. Defendants' two experts valued the property at $900,000 and $950,000.

Defendants' expert, William Sullivan, relied in part on the 1982 sale of a comparable property known as the Track 29 Restaurant in valuing the subject property. On rebuttal, plaintiff sought to introduce certified copies of a deed and real estate transfer tax declaration which were filed as a result of the sale of the Track 29 property in 1987, both of which the trial court refused to admit.

Plaintiff first contends that the trial court abused its discretion in refusing to admit a 41-minute video tape which, in substantial part, is of the interior of defendants' restaurant and banquet hall taken after the valuation date and after defendants had removed personal property and fixtures from the restaurant. Plaintiff further argues that, because defendants' video, which was admitted, did not show the entire interior of the restaurant, it was an abuse of discretion to not admit its video, particularly where a jury view was no longer possible due to destruction of the property. Finally, plaintiff argues that it would have been proper for the jury to have viewed the property, had the buildings not been demolished prior to trial, and therefore it was also proper for the jury to have viewed the October 5, 1987, video tape.

Generally, the admission of photographic evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. (*Schaffner v. Chicago & North Western Transportation Co.* (1989), 129 Ill. 2d 1, 18, 541 N.E.2d 643; *Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 131-32, 478 N.E.2d

581.) The fact that photographic evidence portrays something under conditions not precisely the same as those at the time of the occurrence does not necessarily render it inadmissible, so long as the jury is not misled. (*Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 391, 385 N.E.2d 664.) Furthermore, in a condemnation case, the mere fact that a photograph was taken after the valuation date does not necessarily make it inadmissible. (*Lake County Forest Preserve District v. Vernon Hills Development Corp.* (1980), 85 Ill. App. 3d 241, 244-45, 406 N.E.2d 611.) The necessary inquiry is whether the photographs of the subject property accurately portray the conditions of the land prior to the valuation date. (*Vernon Hills Development Corp.*, 85 Ill. App. 3d at 245, 406 N.E.2d at 614.) While photographs of the appearance and condition of land or other inanimate objects taken after a material change in appearance and condition are generally inadmissible, there is no requirement that the situation or condition must be precisely the same. (*Vernon Hills Development Corp.*, 85 Ill. App. 3d at 245, 406 N.E.2d at 614.) It is sufficient if the condition of the property is substantially unchanged, or if the subject of the photograph is truthfully represented, or if the photograph is shown to be an accurate representation of the property. *Vernon Hills Development Corp.*, 85 Ill. App. 3d at 245, 406 N.E.2d at 614.

■ Here, the video tape was made on October 5, 1987, after defendants had removed various personalty and fixtures from the restaurant and banquet hall. The video depicts debris, dirt, and damage to various walls and ceilings in both buildings. The condition of the property on October 5, 1987, was materially different than it was on August 19, 1987, the valuation date. While it is true that in some circumstances certain conditions of the property are not necessarily material to the particular issues in the case (see, *e.g., Burke v. Toledo, Peoria & Western R.R. Co.* (1986), 148 Ill. App. 3d 208, 213-14, 498 N.E.2d 682; *Pace v. McClow* (1983), 119 Ill. App. 3d 419, 427, 458 N.E.2d 4) and need not be accurately portrayed, in a condemnation case the condition of the property is particularly material to its valuation. In this case, the property was valued, in part, based upon its use as a restaurant and banquet facility. Consequently, the condition of the property as it existed at the time the restaurant and banquet facility were operational is material to the valuation issue. The condition of the property following its abandonment by defendants and the removal of equipment and fixtures would only serve to mislead the jury and unnecessarily prejudice their valuation of the property. (See *Tedrowe v. Burlington Northern, Inc.* (1987), 158 Ill. App. 3d 438, 447-48, 511 N.E.2d 798; *J.L. Simmons Co. v. Firestone*

*Tire & Rubber Co.* (1984), 126 Ill. App. 3d 859, 865-66, 467 N.E.2d 327, *aff'd* (1985), 108 Ill. 2d 106, 483 N.E.2d 273.) Furthermore, we note that the jury was shown a five-minute video tape submitted by defendants which was made several days prior to the valuation date which fairly depicted the subject property.

■ Plaintiff further argues, relying on *Department of Public Works & Buildings v. Remmerie* (1963), 29 Ill. 2d 40, 192 N.E.2d 877, that a jury view would have been proper on October 5, 1987, if it had been possible, because the changed conditions in the property could have been explained to the jury. Consequently, the jury could have viewed the video tape, and the changed conditions could have been explained as well.

We are unpersuaded by plaintiff's argument. In *Remmerie*, the jury was asked to value a portion of a parking lot taken as well as assess the damage to the remainder of the property. We find *Remmerie* to be distinguishable from this case because the changes in the property taken, from a parking lot to a roadway, did not materially alter the jury's conception of the condition of the property prior to the improvements such that an explanation would not provide the jury with a proper basis from which to value the property prior to the improvements. In the present case, however, the condition of the restaurant and banquet hall was critical to the jury's valuation of the property. A view of the property on October 5, 1987, whether in person or by video tape, would have substantially affected the jury's perception of the property as it existed on the valuation date due to the extensive change in the condition of the property. An explanation to the jury, under these circumstances, would have been insufficient to overcome the prejudicial impact of viewing the property as it existed on October 5, 1987.

■ Finally, as to plaintiff's argument that the existence of debris and absence of personalty and fixtures inside the buildings is irrelevant to the issue of the condition of the real estate, which was unchanged from the date of valuation, we are also unpersuaded. An examination of the video tape reveals substantial damage to the buildings themselves, including holes in the roof and walls and exposed electrical wiring. The property was valued, in large part, based on its use as a restaurant and banquet hall. The condition of the buildings as an operational restaurant and banquet hall, not as abandoned properties, was crucial to the jury's valuation. Thus, under these circumstances, the trial court did not abuse its discretion in excluding plaintiff's video tape.

Plaintiff contends next that it was an abuse of discretion to ex-

clude evidence of defendants' 1982 purchase of the property for $192,000. Specifically, plaintiff argues that the purchase price is objective evidence of the fair market value of the property and is not too remote in time from the August 19, 1987, valuation date to be considered.

When a parcel of land is condemned, the purchase price paid by the owner is a fact which may be considered in determining its value, provided the sale was recent and a voluntary transaction, with no changes in conditions or marked fluctuations in values having occurred since the sale. (*Department of Conservation v. Aspegren Financial Corp.* (1978), 72 Ill. 2d 302, 307, 381 N.E.2d 231, citing *Forest Preserve District v. Krol* (1957), 12 Ill. 2d 139, 145 N.E.2d 599.) Furthermore, a substantial increase in recent property valuation may alone be sufficient to exclude evidence of the prior sale, particularly where appraisal witnesses testify to a rapid increase in values. *Department of Transportation v. Prombo* (1978), 63 Ill. App. 3d 407, 413, 379 N.E.2d 953.

In the instant case, defendants' attorney argued at the hearing on the motion *in limine* that one of plaintiff's expert witnesses, in his deposition, testified that the real estate market was severely depressed in 1982 and there had been a substantial increase in property values between 1981 and 1987. Additionally, at trial, Don D. Clark, a real estate appraiser, testifying on behalf of plaintiff, admitted on cross-examination that the 1982 real estate market was depressed and the real estate market was significantly different in 1982 than in 1987.

We believe that it was not an abuse of discretion to have excluded evidence of the 1982 purchase price based on the difference in the real estate markets between the years 1982 and 1987. We emphasize that the five-year period between the prior sale and valuation date is of no particular consequence under the circumstances here, but rather, it is the unique differences in the real estate market which render the 1982 purchase price inadmissible. See *Aspegren Financial Corp.*, 72 Ill. 2d at 307-08, 381 N.E.2d at 234.

Furthermore, the substantial improvements in the property subsequent to its purchase in 1982 further support the trial court's exclusion of the 1982 purchase price. In this regard, defendants' attorney pointed out at the hearing on the motion *in limine* that defendant Lee had testified in his deposition that there had been numerous improvements in the property since the 1982 sale. The parking lot was repaved, the property was connected to sanitary sewer, the outside was landscaped, there was new heating, air conditioning,

electrical wiring, and plumbing installed, and the interior was redone in the restaurant. Additionally, in 1984 the banquet facility, which had been a grocery store, was completely rebuilt, including the exterior walls. New electrical wiring, plumbing, and ceilings were installed therein. Although the deposition of defendant Lee is not part of the record on appeal, we note that plaintiff did not object to defendants' reliance on these facts in the hearing.

Furthermore, at trial, defendant Lee testified that the banquet hall had previously been a grocery store and it was converted to restaurant use in 1984. Additionally, after 1984, the second floor of the banquet facility was painted, wallpapered, and carpeted. According to Lee, the banquet hall was rented frequently to several large corporations. The banquet hall also contained a bar, fireplace, dance floor, and new heating and electrical wiring. Based on the evidence of substantial improvements to the property subsequent to its purchase in 1982, it was not an abuse of discretion to exclude evidence of the 1982 purchase price.

Plaintiff next contends that the trial court abused its discretion in excluding evidence of a 1977 written 10-year lease agreement and oral lease agreement between defendant Lee and the prior owner of the subject property. Any fact concerning the property which will fairly aid in arriving at its market value is admissible, and rental received in good faith from the use of the property within a reasonable length of time is clearly one of the facts naturally contributing to that end. (*Forest Preserve District v. Krol* (1957), 12 Ill. 2d 139, 146-47, 145 N.E.2d 599.) Here, defendants and the previous owners entered into the written and oral lease agreements in 1977. In 1982, defendants purchased the property, terminating the lease. The plaintiff instituted the eminent domain proceedings in August 1987, a period of five years later. Thus, the lease agreements were too remote in time to be considered as evidence of value. See *Krol*, 12 Ill. 2d at 146, 145 N.E.2d at 603.

Furthermore, as stated above, defendants substantially improved the property subsequent to purchasing it in 1982. The lease agreements for the property as it existed in 1977 would not have been relevant as to the value of the property in 1987 due to the substantial change in the condition of the property. Accordingly, the trial court did not abuse its discretion in refusing to admit evidence of the written and oral lease agreements entered into in 1977.

Plaintiff finally contends that it was error not to admit the deed and transfer tax declaration for the 1987 sale of a piece of property to rebut defendants' expert's reliance on the 1982 sale price of the

same property as a comparable sale in valuing the subject property. This evidence was expressly not offered by plaintiff as substantive evidence of a comparable sale.

■■■ Rebuttal evidence may be admitted if it tends to explain, repel, contradict or disprove the evidence of defendant. (*Hall v. Northwestern University Medical Clinics* (1987), 152 Ill. App. 3d 716, 721, 504 N.E.2d 781.) The decision whether to admit rebuttal evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. (*Hall*, 152 Ill. App. 3d at 721, 504 N.E.2d at 784.) Additionally, the decision whether to admit evidence that is cumulative rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Davis v. International Harvester Co.* (1988), 167 Ill. App. 3d 814, 825, 521 N.E.2d 1282; *Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 1060-61, 502 N.E.2d 315.

■■■ Here, defendants' expert, William Sullivan, admitted that he did not consider the 1987 sale of the Track 29 property when he utilized it as a comparable property in valuing the subject property. Plaintiff was able to introduce evidence of the 1987 sale of the Track 29 property during its cross-examination of Sullivan. Although it was error to exclude admission of the deed to show the sale, the error was harmless because evidence of the 1987 sale was already before the jury. Moreover, Sullivan had already been effectively impeached by his admission that he had not considered the 1987 sale of Track 29. Thus, failure to admit the deed, under these circumstances, did not prejudice plaintiff and does not constitute reversible error.

● 13 We next consider the trial court's exclusion of the transfer tax declaration which would have shown the 1987 sale price of the Track 29 property. Whenever evidence of comparable sales is offered, a foundation must be established to prove comparability, the burden of which is on the party seeking to introduce the comparison sale. (*People ex rel. Korzen v. Chicago, Burlington & Quincy R.R. Co.* (1965), 32 Ill. 2d 554, 562, 209 N.E.2d 649.) In establishing a foundation for the admission of a comparable sale, it must at least be shown that such sales are for cash and are made on the open market. (*People ex rel. Director of Finance v. YWCA* (1979), 74 Ill. 2d 561, 570, 387 N.E.2d 305.) The decision to admit evidence of a comparable sale is within the discretion of the trial court. *People ex rel. Director of Finance*, 74 Ill. 2d at 570-71, 387 N.E.2d at 310.

■■■ In the present case, plaintiff made no showing that the 1987 sale was a voluntary, open market sale. Absent this foundational requirement, it was not an abuse of discretion for the trial

court to have excluded the transfer tax declaration as evidence of a comparable sale to rebut Sullivan's testimony.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT, P.J., and McLAREN, J., concur.