ROBERT H. TREADWELL, Plaintiff-Appellee, v. JESSE DOWNEY, Defendant-Appellant.

Third District    No. 3—90—0321

Opinion filed March 8, 1991.

Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy (Jonathon H. Barnard, of counsel), for appellant.

Lewis, Blickhan, Longlett & Timmerwilke, of Quincy (George J. Lewis, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Jesse Downey, appeals from a judgment and award of damages in the net amount of $90,964.14 to the plaintiff, Robert Treadwell, following a jury trial in the circuit court of Hancock County. We affirm.

In his complaint, the plaintiff alleged he was injured when a tractor owned by the defendant and operated by the plaintiff went over a ledge adjacent to a driveway and into a ravine. The plaintiff claimed the brakes on the tractor were defective and that the defendant was negligent in failing to warn the plaintiff of this condition or to adjust the brakes. Following the jury verdict, the defendant filed a post-trial motion contending the verdict was against the manifest weight of the evidence and that he was denied a fair trial due to certain improper comments made by plaintiff's counsel in closing argument. He appeals the denial of the post-trial motion.

■■■■ We first address the sufficiency of the evidence presented. A motion for a judgment notwithstanding the verdict should be granted only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) When considering the sufficiency of the evidence, this court must view the evidence in the light most favorable to the appellee. *Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 476 N.E.2d 1232.

At trial, it was elicited that the defendant was the plaintiff's landlord. The plaintiff rented a residence on the defendant's property. A few days before the incident, the defendant asked the plaintiff to maintain the lane extending from the main road while the defendant was on vacation. The plaintiff agreed to do so and was shown the tractor. The plaintiff testified that he was familiar with tractors due to previous employment experience.

The plaintiff further testified that on December 20, 1985, he woke up, noticed it had snowed during the night, and decided to plow the lane. After warming up the tractor, the plaintiff dropped the blade behind the tractor and drove down hill along the lane to the main road. There, he put the tractor in reverse and backed across the main drive, pushing snow as he backed up to an area where he intended to turn around, which was adjacent to the edge of a ravine. While operating the tractor in reverse toward the edge of the ravine, the plaintiff claimed he engaged the clutch and the brake at the same time but noticed that the wheels "kept right on rolling and rolling." The tractor then went over the edge of the ravine, throwing the plaintiff from the tractor and resulting in injuries.

The defendant testified that when he returned from vacation the plaintiff apologized for tearing up the tractor and commented on what happened. The plaintiff stated, "I was doing just fine. I got down there close to the edge and my foot slipped off the clutch and away I went over the edge." The defendant further testified that he made certain adjustments to the tractor brakes about three weeks before the incident. He adjusted a bolt or nut in the brake housing adjacent to each of the rear wheels in order to shorten the distance the brake pedal would have to travel.

Dr. Marvin Van Etten, a professor at Illinois Valley College, testified for the defendant. In his opinion, the tractor brakes were in good operating condition when he inspected them in April 1986. He further noticed that an adjustment had been made to the brakes. The purpose

of the adjustment was to shorten the distance that the brake pedal would travel before engagement of the brake shoes and drum, in order to compensate for the loss of thickness in the brake shoes over the life of the brake shoes. According to Van Etten, the reduction in the thickness of the brake shoes would not affect braking ability, but would simply increase the distance the brake pedal would travel before engagement. In his opinion, the adjustment had been made between a year and six months prior to his inspection.

Earl Peters, a farmer and mechanic, testified on behalf of the plaintiff. Peters testified that in his opinion the adjustment to the brakes was made after December 20, 1985, and before March 1, 1986. He further noted that the brakes would not have been adequate before the adjustment.

Further evidence showed that a man named Larry Hunt obtained a statement from the plaintiff in which the plaintiff said that when he tried to stop the tractor it slid off the ice and into the ravine. The plaintiff admitted signing the statement but denied that he read it, claiming he was dyslexic. The plaintiff's assertion that he was unable to read went unrefuted.

It is well settled that a jury verdict should not be set aside merely because the jury could have drawn different inferences and conclusions from conflicting testimony. (*Turner v. Chicago Housing Authority* (1984), 122 Ill. App. 3d 419, 461 N.E.2d 551.) The defendant presented the testimony of a witness who allegedly heard the plaintiff say that his boot was wet and slipped off, causing the accident. The plaintiff, meanwhile, presented four witnesses who testified that they did not hear anyone ask the plaintiff how the accident happened. The testimony of the defense witness may have impeached the plaintiff's testimony to some degree. However, it is not this court's duty to reexamine the record to determine whether the jury appropriately weighed the significance or insignificance of this impeachment in their deliberations. Insofar as the statement taken by Larry Hunt is concerned, because the plaintiff cannot read, the jury could have made the inference that the defendant was overreaching in attempting to use the document against the plaintiff.

In addition, there was conflicting testimony from the two expert witnesses regarding when the adjustment to the brakes had been made. The record shows that the defendant's expert examined the tractor after it had been refurbished for the purpose of being sold, and that as far as he was concerned, the tractor was in about the same condition as it was on the date of the incident. Defendant's expert appeared to be unfamiliar with the fact that the tractor was re-

furbished following the incident involved herein. He further stated that he was unfamiliar with the workings of this particular tractor, the Allis-Chalmers WD 45. The defendant's expert also stated that when he examined the tractor he started it, drove it up a hill, and that it was all right. In his deposition, however, he said that the tractor's battery was dead and that he couldn't start it when he examined it. This expert's testimony, all things considered, is of diminished value. However, the weight to be assigned to an expert opinion is for the jury to determine in light of his credentials and the factual basis for his opinion. (*Johnson v. Amerco, Inc.* (1980), 87 Ill. App. 3d 827, 409 N.E.2d 299.) The jury in the instant case when confronted with such inconsistent expert testimony and apparently inconsistent statements found in favor of the plaintiff. We will not invade the province of the jury by reversing their decision.

We next address whether the defendant was deprived of a fair trial due to improper remarks made by plaintiff's counsel during closing argument. During closing argument, plaintiff's counsel made three improper comments to the jury. The first statement occurred when he was attempting to discuss the operation of the tractor by the plaintiff. Counsel stated, "He backs up toward the ravine, and I want to ask each one of you at this point who would you want to have adjusted the brakes before you approach ***[?]" Defense counsel's prompt objection was sustained. Later, plaintiff's counsel made numerous remarks about the identity and unavailability of Larry Hunt. Plaintiff's counsel commented, "Why hadn't the mysterious Larry Hunt told him something more[?] The mysterious Larry who we haven't seen here ***." The defense counsel's objection was again sustained. Finally, in characterizing the plaintiff's testimony, plaintiff's counsel stated, "He said he didn't tell the person that took that statement in that other person's handwriting, he didn't tell him that, and I believe Mr. Treadwell ***." Defense counsel's objection was again sustained.

■■ The defendant contends that each statement individually or all of the statements cumulatively constitute reversible error and are grounds for a new trial. Without question, the comments made by plaintiff's counsel are all objectionable, inappropriate, and could constitute reversible error in some cases. We do not condone plaintiff counsel's statements because they violate elementary rules of trial practice. Furthermore, we are concerned about such conduct because it appears from the record that plaintiff's counsel understood the inappropriateness of his statements and yet made them. However, it has been repeatedly held that, generally, an allegedly improper re-

mark of counsel in closing argument is not prejudicial and will not be reversible error where, as here, the trial court has sustained the objection of the opposing party. (*Lake County Forest Preserve District v. Vernon Hills Development Corp.* (1980), 85 Ill. App. 3d 241, 406 N.E.2d 611.) In addition, the trial court in denying the defendant's post-trial motion found that the statements did not unduly prejudice the defendant's case. Under the circumstances of this case, therefore, the remarks do not warrant a reversal.

For these reasons, we affirm the judgment of the circuit court of Hancock County.

Affirmed.

BARRY and McCUSKEY, JJ., concur.