JOSEPH J. RICHARDSON, SR., Plaintiff-Appellant, v. BOND DRUG COMPANY OF ILLINOIS, d/b/a Walgreens, Defendant-Appellee.

First District (3rd Division)   No. 1—07—3349

Opinion filed January 14, 2009.

Ronald J. Broida, Joseph K. Nichele, and Robin K. Mills, all of Broida & Associates, Ltd., of Naperville, for appellant.

Garrett L. Boehm, Jr., and Anthony E. Derwinski, both of Johnson & Bell, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

Plaintiff Reverend Joseph J. Richardson, Sr., appeals from an order of the circuit court of Cook County granting summary judgment to defendant, Bond Drug Company of Illinois, d/b/a Walgreens, in his negligence action for injuries sustained in a slip and fall in defendant's store. On appeal, plaintiff claims that the trial court erred in granting summary judgment where the evidence created jury questions as to whether there was a dangerous condition present, whether defendant had notice of said condition, whether there was a sufficient nexus between defendant's conduct and plaintiff's injury, and whether defendant exercised reasonable care in maintaining its premises.

This case arises from injuries plaintiff allegedly sustained on December 26, 2004, when he slipped and fell at the Walgreens store at 1600 West Roosevelt Road in Broadview, Illinois. Plaintiff filed a complaint in negligence seeking damages for those injuries.

Plaintiff specifically alleged that defendant's employees allowed the store floor to become wet and slippery with an unknown liquid, that defendant was negligent in failing to warn customers of the dangerous condition, failed to maintain a safe shopping area, created visual diversions so that plaintiff could not observe the dangerous condition of the floor, and improperly caused him to slip and fall violently to the floor. Based on these negligent acts, plaintiff contended that he sustained serious and permanent physical injuries which prevented him from attending to his usual duties and affairs. He also contended that he lost sums of money which would have otherwise accrued to him, as well as money that he spent for hospital care, doctors, and other medical services. Plaintiff requested a judgment against defendant in excess of $100,000.

On September 20, 2006, defendant filed an answer to plaintiff's complaint denying any negligence on its part. Defendant also raised two affirmative defenses based on comparative negligence, which plaintiff denied in his reply.

Depositions were then taken from the principals involved in the case. In his deposition testimony, plaintiff stated that about 9:45 a.m. on December 26, 2004, he arrived at the Walgreens store in Broadview. While he was inside, he slipped and fell on the floor. Plaintiff assumed that the floor was wet because of an unknown substance, but he did not know the color, size, length, or texture of the substance that caused him to fall. He also testified that there were no signs posted warning customers of the dangerous condition.

Plaintiff further testified that the store manager saw him fall and asked him if he wanted an ambulance. Plaintiff said no, then got up, and noticed that his clothes were wet. He made a statement to a clerk at the counter regarding the clerk's lack of assistance after he fell, and then went to church. When the pain from the fall increased during the day, he eventually went to Elmhurst Memorial Hospital, where he learned that he had sustained injuries to his back, right hand, ankle, knee, and also had a concussion.

In her deposition testimony, Jennifer Burney testified that she is the store manager at the Walgreens in question and remembered a customer falling inside the store, 12 feet away from the entrance and 4 feet away from her, on December 26, 2004. Burney stated that it was snowing lightly that day and that she assumed plaintiff's shoes were new and slippery because it was wet outside. She stated that there was no liquid on the floor at the time of the incident, but that plaintiff's knees were wet after the fall. Burney also stated that on a snowy day like the one in question, the employees walk around the store to make sure that there is no water accumulating on the floor. If it is snowing hard enough, "wet floor" signs are posted; no signs were posted on the day in question because Burney did not see a problem. After the fall, however, Burney posted a "wet floor" sign and there were no further incidents.

With regard to the liquid on the floor of the store, Burney was asked the following:

"MR. NICHELE [Plaintiff's Counsel]: With his knees being wet, would that suggest that there was some sort of water on the floor?

MS. BURNEY: Yes.

MR. DERWINSKI [Defense Counsel]: I'm going to object to the question as it calls for speculation. You can answer.

MS. BURNEY: Yes.

MR. NICHELE: Okay. Do you know how long that water was on the floor?

MR. DERWINSKI: I'm going to object. She didn't say there was water on the floor before.

MR. NICHELE: Well, I asked her if she—if that would suggest there's water on the floor, and she said yes.

MR. DERWINSKI: When he was on the floor as well, though. I'm just going to advise her not to answer that question. Her prior testimony was that she didn't notice any water on the floor before his fall."

On September 5, 2007, defendant filed a motion for summary judgment asserting that the deposition testimony showed that plaintiff did not know what, if anything, caused him to fall. Defendant contended that without evidence of any condition, there can be no negligence on the part of defendant, no proximate cause of the injury, and no notice of any condition to defendant.

In his response, plaintiff maintained that there was a dangerous condition and negligence on the part of defendant, as evidenced by the fact that his clothes were wet after the fall, confirming that there was liquid on the floor. Plaintiff also maintained that the liquid was allowed to accumulate on the floor and caused him to fall and that a jury could find that there was a sufficient nexus between defendant's conduct and his injury. Plaintiff further claimed that it is reasonable for a jury to believe that the employees were negligent for not observing the liquid on the floor, and thus, at the very least, a genuine issue of material fact regarding whether defendant should have noticed the liquid on the floor.

Defendant replied that plaintiff's arguments were speculative and conclusory and should be disregarded. Defendant further argued that there was no evidence that defendant or its employees knew of the liquid before plaintiff's fall, and plaintiff failed to establish that defendant had constructive knowledge that it was on the floor.

On November 15, 2007, the trial court entered a written order granting defendant's motion for summary judgment. Plaintiff now challenges that ruling on appeal.

Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 2004). The trial court may grant summary judgment after considering "the pleadings, depositions, admissions, exhibits, and affidavits on file in the case" and construing that evidence in favor of the nonmoving party. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). We review the circuit court's grant of summary judgment *de novo*. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995).

To recover damages based on negligence, plaintiff must allege and prove that defendant owed a duty to plaintiff, that defendant breached that duty, and that the breach was a proximate cause of plaintiff's injuries. *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 256 (1999).

Here, the parties do not dispute that defendant owed a duty of reasonable care to plaintiff, a business invitee. However, plaintiff alleges that defendant breached its duty to exercise reasonable care to maintain its premises in a reasonably safe condition for use by invitees (*Miller v. National Ass'n of Realtors*, 271 Ill. App. 3d 653, 656 (1994)), when it failed to clean up the liquid on the floor, or to take measures to warn customers of the presence of the liquid.

Although plaintiff is not required to prove his case at the summary judgment stage, he must present evidentiary facts to support the elements of his cause of action. *Helms v. Chicago Park District*, 258 Ill. App. 3d 675, 679 (1994). Plaintiff failed to do so in this case.

Plaintiff testified that he did not know why he fell or what caused him to fall, but assumed that the floor was wet because his clothes were wet after he fell. The store manager, Jennifer Burney, acknowledged that plaintiff's knees were wet, but stated that she did not notice any liquid on the floor beforehand, and noted that it was snowing lightly that day making it likely that plaintiff's shoes were wet and slippery. Thus, there was no clarity as to what caused the floor to be wet.

Nevertheless, even where there is no showing as to how the substance got on the floor, liability may be imposed if it appears that the owner or his employees knew of its presence, or the substance was there a length of time so that, in the exercise of ordinary care, its presence should have been discovered. *Tomczak v. Planetsphere, Inc.*, 315 Ill. App. 3d 1033, 1039 (2000). According to Burney, the employees walk around the store on snowy days to make sure that there is no water accumulating on the floor. She also stated there was no liquid on the floor at the time of the incident and that no "wet floor" signs had been posted. Plaintiff offered no evidence to show that there was an accumulation of liquid on the floor before he fell or evidence suggesting how long any liquid might have been on the floor that should have been discovered in the exercise of ordinary care. Under these circumstances, liability did not attach to defendant. *Tomczak*, 315 Ill. App. 3d at 1040.

In this respect, plaintiff's reliance on *Bellerive v. Hilton Hotels Corp.*, 245 Ill. App. 3d 933 (1993), and *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789 (1999), is misplaced. In these cases, evidence was presented showing an existing dangerous condition, which was absent in the case at bar.

Plaintiff, nevertheless, relies on four other cases to show that defendant had constructive notice of the dangerous condition or that he did not have to prove constructive notice to avoid summary judgment. Defendant's reliance on *Chapman v. Foggy*, 59 Ill. App. 3d 552,

556 (1978), and *Miller v. National Ass'n of Realtors*, 271 Ill. App. 3d 653, 657 (1994), is misplaced in that both of these cases involved incidents where the defect was present for some time prior to the incident. This is in contrast to the case at bar where there was no evidence as to the amount of time any liquid was on the floor. *Reed v. Wal-Mart Stores, Inc.*, 298 Ill. App. 3d 712, 715 (1998), is distinguishable because, unlike the case at bar, there was evidence that plaintiff injured himself on a substance that was placed on the premises through defendant's negligence; and in *Grewe v. West Washington County Unit District No. 10*, 303 Ill. App. 3d 299, 304 (1999), defendant, unlike here, was on notice of the slippery condition of the floor because other people had slipped in the same area.

Plaintiff also alleges that defendant's conduct was the proximate cause of his injury. The issue of proximate cause in a negligence suit is generally an issue of material fact to be determined by the trier of fact; however, it can be determined by a court as a question of law if "the facts as alleged show that the plaintiff would never be entitled to recover." *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257-58 (2004).

In this case, the facts are such that plaintiff would not be entitled to recover. When attempting to prove causation, a plaintiff must show circumstances that justify an inference of probability, as opposed to a mere possibility. *Leavitt v. Farwell Tower Ltd. Partnership*, 252 Ill. App. 3d 260, 268 (1993).

Here, the evidence shows that plaintiff assumed that the floor was wet where he fell due to an accumulation of liquid on the floor. Burney assumed, on the other hand, that plaintiff's shoes were wet when he fell because it was snowing. The existence of one fact cannot be inferred when a contrary fact can be inferred with equal certainty from the same set of facts. *Leavitt*, 252 Ill. App. 3d at 268. Since the factual allegations in the complaint and the deposition testimony of the witnesses do not show with any measure of probability that liquid was on the floor prior to plaintiff's fall, plaintiff has failed to present sufficient evidence of a causal nexus between his injuries and defendant's conduct. Absent any evidence of liquid on the floor prior to plaintiff's fall, summary judgment in favor of defendant is appropriate because there is no genuine issue of material fact as to the cause of plaintiff's fall beyond mere speculation.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

THEIS and COLEMAN, JJ., concur.