2023 IL App (1st) 220084

No. 1-22-0084

Opinion filed March 3, 2023

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARIE WILLIAMSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 L 1414 |
| | ) | |
| EVANS NAILS & SPA CORPORATION, | ) | Honorable |
| | ) | John H. Ehrlich |
| Defendant-Appellee. | ) | Judge presiding. |

JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Connors[1] and Justice Lyle concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff Marie Williamson appeals a grant of summary judgment in favor of Defendant

Evans Nails & Spa Corporation in this slip-and-fall case. The issue presented is whether the circuit

court erred in entering judgment as a matter of law because plaintiff had come forward with

sufficient evidence to create a fact question as to proximate cause. For the following reasons, we

reverse and remand.

¶ 2     Williamson went to Evans Nails & Spa Corporation's salon in Evanston, Illinois, for a

manicure and pedicure. The pedicure chair was on a raised platform and connected to a tub

containing water. After receiving a pedicure, a salon worker gave Williamson flip-flops and

---

[1] Justice Connors participated in this appeal and the decision to publish, but she has since retired. See *Proctor v. Upjohn Co.*, 175 Ill. 2d 394, 396 (1997).

directed her toward the manicure station. While stepping down from the pedicure chair, Williamson fell and broke her leg. A security camera captured the entire incident.

¶ 3    Williamson filed a complaint against Evans Nails. She alleged Evans Nails was negligent by causing the steps and floor to become slippery, failing to assist Williamson in descending from the elevated chair, and failing to warn Williamson of the slippery steps and floor.

¶ 4    After limited discovery, Evans Nails moved for summary judgment bringing a *Celotex* motion[2] predicated on a supposed absence of evidence on proximate cause and on Williamson's inability to identify where or on what she slipped. The circuit court granted the motion. 735 ILCS 5/2-1005 (West 2020). The court reasoned that the video was insufficient evidence of proximate cause because the resolution was too low to make out any slip-inducing foreign substance. The court concluded that Williamson's inability to state precisely where she slipped made it impossible to determine whether following an ordinance or industry standards would have changed the outcome. Williamson took this timely appeal. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 5    Williamson argues that the trial court erred in granting summary judgment because there was evidence that (1) Evans Nails violated a safety ordinance that required handrails; and (2) Evans Nails had failed to install slip-resistant flooring around the pedicure station. Evans Nails maintains the trial court did not err because Williamson failed to establish proximate cause. Evans Nails contends that a violation of statute was not alleged in the complaint and that Williamson's expert affidavit is inadequate. We review a grant of summary judgment *de novo*. *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17.

---

[2] A "*Celotex* motion" is a summary judgment motion made by a party who does not have the burden of proof and which asserts that the nonmovant cannot prove an element of its claim. *See Celotex v. Catrett*, 477 U.S. 317, 324-25 (1986).

¶ 6      This slip-and-fall case presents an ever increasingly common occurrence: it was captured entirely on a video surveillance camera. And pictures do not lie. This visual evidence takes on a singular importance in this case because it readily belies many of the defense's arguments in favor of summary judgment. Consider this still image taken from the surveillance footage of record showing the moment when Williamson begins to fall:



The image shows Williamson reaching out to the salon technician with her left hand and grabbing the adjacent cart with her right hand as her right leg bends and her left leg slips forward. In the fractional second before, Williamson is plainly stepping down from the pedicure platform.

¶ 7    The video shows the location, circumstance, and biomechanics of Williamson's fall, and it became a basis for Scott Leopold's expert opinion. An engineer by training with significant experience investigating slips and falls, Leopold opined that the pedicure platform was unreasonably dangerous because it lacked a handrail in violation of a local Evanston ordinance. A violation of an ordinance designed to protect human life is *prima facie* evidence of negligence. *Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 434 (1991). A plaintiff injured by such a violation must show (1) she belongs to the class of persons the ordinance was designed to protect; (2) it is the type of injury the ordinance was designed to protect; and (3) the violation proximately caused the injury. *McCarthy v. Kunicki*, 355 Ill. App. 3d 957, 970 (2005). The Evanston ordinance expressly provides that it is a public safety measure applicable to commercial buildings, and it is self-evident that Williamson, as a patron of an Evanston business, is within the class of persons whom the ordinance is intended to protect.

¶ 8    Based on Williamson's deposition testimony and the video, there was direct evidence in the record to support an inference that the absence of a handrail proximately caused Williamson's injury. Williamson testified that when she first began to slip, the salon technician "put her hand out. I was going to grab her hand and that's when I slipped." In *Kalata*, 144 Ill. 2d at 434, the Supreme Court considered a Chicago ordinance that required handrails on both sides of stairways. There, the plaintiff testified that he slipped when he was stepping to the left side of the stairway to use the handrail on that side. *Id.* at 436. The court deemed the plaintiff's testimony sufficient to show that the absence of a handrail on the right side of the stairway proximately caused his injury. *Id.* at 438.

¶ 9    In *McCarthy*, 355 Ill. App. 3d at 971, another case of a handrail ordinance violation, the plaintiff's testimony that she slapped her hand against the wall trying to catch herself created an inference that the absence of a handrail proximately caused her injury. The *McCarthy* court summarized the rule to be distilled from Illinois cases: "[W]here plaintiff's fall down a stairway was potentially caused by the absence of handrails, the issue of proximate cause has been held a question of fact for the jury. [Citations.]" *Id.*

¶ 10    Williamson also alleged that Evans Nails was negligent by not providing slip-resistant flooring on the stair or salon floor. A claim for negligence requires the plaintiff to show (1) a duty was owed by the defendant, (2) defendant breached that duty, and (3) the breach was the proximate cause of the plaintiff's injuries. *Monson v. City of Danville*, 2018 IL 122486, ¶ 23. A photograph of the pedicure chair showed that there was a slip-resistant mat to the side of the chair on the elevated platform, but there was no such material on the step or floor. Further, plaintiff's expert opined that the Evanston ordinance and industry standards required slip-resistant flooring or mats in areas that could become wet or contaminated with oil or lotion. The owner of Evans Nails testified that the slip-resistant mats on the platform were provided because the area could get wet and that, during a pedicure, the salon technician applies lotion and massage oil to the patron's feet and legs. Williamson confirmed that lotion and oil were applied to her feet and legs.

¶ 11    Evans Nails raises several arguments for affirmance, none of which are persuasive. First, Evans Nails claims that Williamson cannot satisfy proximate cause because Williamson does not know "where she fell," so it cannot be said that a handrail or slip-resistant flooring would have made a difference. This argument relies on a series of three slip-and-fall cases in which there were no witnesses to the accidents and no other evidence establishing the defendants' negligence.

*Truelsen v. Levin*, 24 Ill. App. 3d 733, 735 (1974) ("There were no eyewitnesses to this accident
\*\*\*."); *Brett v. F. W. Woolworth Co.*, 8 Ill. App. 3d 334, 336 (1972) ("There were no witnesses to
the actual fall."); *McInturff v. Chicago Title & Trust Co.*, 102 Ill. App. 2d 39, 45 (1968) ("There
was no evidence relative to what took place prior to and at the time of the injury in question.").
These cases are plainly inapposite in a case such as this where a video camera recorded the entire
accident. Further, the video shows individuals in the salon who clearly witnessed Williamson's
fall and reacted to it—so there are witnesses. Finally, while responding to an inartful compound
question in deposition, Williamson said that she could not say "for sure" where her foot was when
she slipped, and moments later she explained that when the salon technician put her hand out, "I
was going to grab her hand and that's when I slipped." Under Illinois case law discussed above,
that is more than enough evidence to survive a motion for summary judgment.

¶ 12    Second, Evans Nails suggests that the affidavit of Scott Leopold is inadequate because he
"never personally inspected" the premises. But an inspection is not a prerequisite to a proper expert
affidavit. See *Purtill v. Hess*, 111 Ill. 2d 229, 242-43 (1986) (affidavit of an expert must establish
qualifications and then offer opinions and bases). Leopold averred as to his professional credentials
as a licensed Illinois engineer. He explained that his opinions were based on his review of a photo
of the pedicure chair and platform, the video of Williamson's fall, photos of the pedicure slipper,
and the transcripts of the two depositions completed so far in the case (Williamson's and Tanya
Bold's (the owner of the salon)). Further, he set out the relevant municipal ordinances and industry
standards. All of this is more than an adequate factual basis for Leopold to offer an expert opinion.
See 4 Richard A. Michael, Illinois Practice, Civil Procedure Before Trial § 39:3, Westlaw
(database updated Dec. 2022) (an expert may base an opinion on "the expert's firsthand

observation, the presentation of data at trial, or the presentation of data to the expert outside of trial and other than by his perception").

¶ 13    Third, Evans Nails asserts that Williamson's complaint "never alleged a violation of a safety code," but that is only because the trial court denied Williamson leave to amend to assert that claim. A pleading may be amended at any time (735 ILCS 5/2-616(c) (West 2020)), and leave to amend shall be freely given (*Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 26 (2001)). Denying leave to amend here was an abuse of discretion, because every factor weighed in favor of granting leave to amend. See *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992) ("These factors are: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified.").

¶ 14    Finally, the trial court entered judgment for Evans Nails ten months after Williamson filed her complaint, and months *before* the time for fact discovery in the case management order had expired. But a *Celotex* motion should only be entertained after the respondent has had adequate time to complete discovery. See *Celotex*, 477 U.S. at 326; see also *Willett v. Cessna Aircraft Co.*, 366 Ill. App. 3d 360, 369 (2006). Here, the hasty summary judgment ruling below denied Williamson the opportunity to secure testimony from eyewitnesses to the fall. From the video, there appears that there were eight individuals in the salon when Williamson fell. Their testimony could further illuminate how Williamson fell and whether the salon floor was contaminated.

¶ 15    Therefore, for all these reasons, we reverse the judgment entered for Defendant Evans Nails and remand the case for further proceedings.

¶ 16    Reversed and remanded.

No. 1-22-0084

---

2023 IL App (1st) 220084

---

| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-L-1414; the Hon. John H. Ehrlich, Judge, presiding. |
| --- | --- |

---

| **Attorneys for Appellant:** | John F. Hedrich, of Law Offices of John F. Hedrich, of Chicago, for appellant. |
| --- | --- |

---

| **Attorneys for Appellee:** | Gregory T. Glen and Timothy M. Palumbo, of Kopka Pinkus Dolin P.C., of Chicago, for appellee. |
| --- | --- |