2023 IL App (1st) 221117-U

No. 1-22-1117

Order filed September 1, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BETH WILTJER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 767 |
| | ) | |
| DELTA SONIC CARWASH SYSTEMS, INC., | ) | Honorable |
| | ) | Melissa A. Durkin, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court erred in granting defendant's motion for summary judgment on plaintiff's negligence claim where plaintiff presented sufficient evidence to show fact issues as to the ice causing her fall.

¶ 2   In this personal injury action based on negligence, plaintiff, Beth Wiltjer, appeals from an order of the circuit court granting the motion of defendant, Delta Sonic Carwash Systems, Inc. (Delta Sonic), for summary judgment. On appeal, plaintiff contends that summary judgment was precluded by questions of fact regarding whether "snow piles" were created by defendant's snow

removal efforts, whether the snow piles' runoff refroze as the ice she slipped on, and whether defendant created or knew of the ice. For the reasons that follow, we reverse.

¶ 3    Plaintiff alleged in her complaint that on March 14, 2017, she fell on a designated path leading to the entrance of defendant's store, where defendant had allowed an "unnatural accumulation of ice" to develop. She sought damages in excess of $50,000. Defendant filed an answer to the complaint, denying all material allegations and raising various affirmative defenses.

¶ 4    Defendant moved for summary judgment and argued that it did not owe a duty to remove or warn of a natural accumulation of snow or ice on its property, and that even if plaintiff could establish she slipped on an unnatural accumulation of ice, there was no evidence of notice. Plaintiff argued in response that questions of material fact existed as to whether there was an "unnatural accumulation" and as to whether defendant had notice. In support of their arguments, the parties submitted three surveillance videos, photographs, deposition transcripts, and reports and affidavits prepared by plaintiff's two expert witnesses.

¶ 5    The circuit court granted defendant's motion for summary judgment. The court concluded that plaintiff's testimony was sufficient to create an issue of fact as to whether snow was piled near the entranceway. However, the court could not determine from the still shots and surveillance videos whether those images showed snow "piled" near the store entrance or a natural accumulation of snow. Noting that plaintiff did not see any ice or water or runoff from a snow pile, the court explained that plaintiff's testimony failed "to establish a factual nexus between snow that could have been piled somewhere near the front of the store and the black ice that caused her to slip and fall." Further, the court found that the architectural expert provided no factual basis linking ponding water to an unnatural accumulation of snow that melted and refroze, and the

meteorological expert failed to link black ice to an unnatural accumulation of snow. The court concluded, "Absent a factual link between the black ice and an unnatural accumulation of snow, any suggestion that Delta Sonic[ ] caused black ice to form by clearing and salting the paved surface is purely speculative."

¶ 6    Plaintiff filed a timely notice of appeal.

¶ 7    On appeal, plaintiff contends that the trial court erred in entering summary judgment because questions of fact remain as to whether (1) the snow piles were created by defendant's snow removal efforts; (2) the snow piles' runoff refroze as the ice she slipped on; and (3) defendant created or knew of the ice. Defendant maintains that plaintiff did not meet her burden to present evidence of an unnatural accumulation of snow or ice. Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020); *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). We review a grant of summary judgment *de novo. Sollami v. Eaton*, 201 Ill. 2d 1, 7 (2002).

¶ 8    The essential elements of a cause of action based on common law negligence are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 140 (1990). While a plaintiff is not required to prove his or her case at the summary judgment stage, he or she must present evidentiary facts to support each of the elements of the cause of action. *Richardson v. Bond Drug Co. of Illinois*, 387 Ill. App. 3d 881, 976 (2009). "It is axiomatic that mere guesswork or speculation is insufficient to create a genuine issue of material fact to survive a motion for

summary judgment." *Allen v. Cam Girls, LLC*, 2017 IL App (1st) 163340, ¶ 43. If the plaintiff fails to establish any element of the cause of action, summary judgment for the defendant is proper. *Espinoza*, 165 Ill. 2d at 114.

¶ 9     In general, the issue of proximate cause is a factual matter for a jury to decide, provided a genuine issue of material fact regarding causation exists. *Id.* But, if "the facts as alleged show that the plaintiff would never be entitled to recover," then the issue of proximate cause may be determined by a court as a question of law on a motion for summary judgment. *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257-58 (2004). In slip-and-fall cases specifically, summary judgment is proper if the plaintiff has no evidence regarding the cause of his or her fall. *Allen*, 2017 IL App (1st) 163340, ¶ 43.

¶ 10     Causation need not be proved with direct evidence. *Canzoneri v. Village of Franklin Park*, 161 Ill. App. 3d 33, 41 (1987). Rather, causation may be established by facts and circumstances that, in light of ordinary experience, reasonably suggest that the defendant's negligence produced the plaintiff's injury. *Id.* That said, proximate cause cannot be predicated on surmise or conjecture, and, therefore, can be established only when a reasonable certainty exists that the defendant's acts caused the injury. *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 795 (1999). Stated another way, a plaintiff must show circumstances that justify an inference of probability, as opposed to a mere possibility. *Richardson v. Bond Drug Co. of Illinois*, 387 Ill. App. 3d 881, 886 (2009); see also *Aalbers v. LaSalle Hotel Properties*, 2022 IL App (1st) 210494, ¶ 17 ("the mere possibility of a causal connection is simply insufficient to raise the requisite inference of fact" to survive summary judgment). If the plaintiff cannot identify the cause of his or her injury, or can

only guess as to the cause, a court cannot find the defendant liable for negligence. See *Kimbrough v. Jewel Companies, Inc.*, 92 Ill. App. 3d 813, 817 (1981).

¶ 11　This case features several surveillance videos which captured the moment plaintiff fell. The footage shows piles of snow at the base of posts located in storefront parking spaces. The rest of the storefront area and the parking spaces appear cleared from snow.  Plaintiff testified that there were snow piles "where the building itself is, where the entrance is off to the right where the building would kind of end." It did snow a total of five inches the day before and the day of plaintiff's fall; however, that the snow appears cleared from the storefront pathway and there are piles of snow present suggest that the snow piles are an unnatural, artificial accumulation. See *Hornacek v. 5th Avenue Property Management*, 2011 IL App (1st) 103502, ¶ 26 (citing *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 231-32 (2010)).

¶ 12　Defendant contends that its employees consistently testified that they did not shovel or push snow near the store or the storefront parking poles. This testimony creates an issue of fact as to whether the snow seen near the poles was an unnatural accumulation. Indeed, the trial court's written ruling also acknowledged that there is a fact issue "as to whether snow was piled near the entranceway."

¶ 13　Because this threshold fact issue exists, a further question of fact logically follows regarding a factual link between the water source and the ice that plaintiff slipped on. See *Crane v. Triangle Plaza, Inc.*, 228 Ill. App. 3d 325, 332 (1992). Illinois law acknowledges that "(1) where the snow mound is an unnatural accumulation and (2) water melts from such a snow mound and refreezes, the resulting ice is also an unnatural accumulation." *Russell v. Village of Lake Villa*, 335 Ill. App. 3d 990, 995 (2002). The surveillance footage shows that at the moment of plaintiff's fall,

her foot slid out from beneath her, apparently slipping on something on the ground. See *Williamson v. Evans Nails & Spa Corporation*, 2023 IL App (1st) 220084, ¶ 7 ("The video shows the location, circumstance, and biomechanics of [the plaintiff's] fall, and it became a basis for *** expert opinion."). As noted above, piles of snow can be seen at the base of the parking posts located along the storefront walkway. According to plaintiff's testimony, she recalled that "[her] foot went out from under [her]" and believed that she slipped on ice. She testified that there was "a drastic drop in weather" that day from a warmup in the morning, which would have caused the snow piles to melt and re-freeze to form ice.

¶ 14     Defendant contends that plaintiff's testimony is lacking because she never saw any ice and could not describe the ice she slipped on. While plaintiff's testimony alone might not have sufficiently raised a fact question, here, the video evidence showing plaintiff's fall along with the expert witnesses' affidavits lend further support to plaintiff's theory. Robert Bleck, a licensed architect, inspected defendants' premises and reviewed the surveillance footage. He averred that the area in front of the store entrance is "very flat" such that the surface is subject to ponding. The photographs he took during inspection show several storefront areas of ponding, which includes the location of plaintiff's fall. Based on his observations and the video footage, he opined that the fall was "caused by water that froze into ice as a result of the construction of the slope and the drainage to a flat surface resulting in ponding at the Delta Sonic property rather than any natural accumulation." Additionally, Steven Clark, a meteorologist, averred that based on his own investigation and review of the video, "radiational cooling mostly likely occurred, which allowed any water or slush in the parking lot, including the area where Plaintiff slipped and fell, to freeze." He then opined that "a patch of ice was present at the time and vicinity of Plaintiff's fall."

¶ 15    Thus, plaintiff's testimony and the expert testimony, taken together, create a question of fact concerning the link between the snow piles to the ice plaintiff slipped on, precluding summary judgment. See *Russell*, 335 Ill. App. 3d at 996 (plaintiff's testimony as to the weather condition and approximate size of ice patch in photographs sufficiently created a factual nexus to preclude summary judgment); *McCann v. Bethesda Hospital*, 80 Ill. App. 3d 544, 550-51 (1979) (an architect's affidavit concluding that the slope of the parking lot would have caused an unnatural accumulation of ice presented a fact question). Further, *Allen v. Cam Girls, LLC*, 2017 IL App (1st) 163340, a case defendant heavily relies on, is distinguishable. *Allen* affirmed the grant of summary judgment in the defendant's favor because the plaintiff's contention that she fell on ice was mere "guesswork or speculation," especially where she unequivocally stated that she did not see ice where she fell. *Id.* ¶¶ 42-43.  The evidence here is quite different and more extensive.[1] Plaintiff did not affirmatively testify that she did not see ice. What she testified was that she was not looking down at the ground when she fell, and it is only natural that she did not remember, let alone see, what she slipped on. After the fall, she was "fuzzy on that fall," but nevertheless she testified that she slipped on ice and recalled that her "foot went out from under [her]." The surveillance footage supports her testimony.

¶ 16    Defendant further maintains that plaintiff has forfeited any issue regarding the slope of defendant's parking lot because plaintiff's complaint contains no such allegation. However, plaintiff alleged that defendant knew that its snow removal attempts would "create[] a condition

---

[1] Defendant also relies on a series of cases that are plainly inapposite in a case such as this where plaintiff presented evidence consisting of her own testimony, the surveillance video footage, and the expert opinions which, at the very least, create fact issues that preclude summary judgment. See, *e.g.*, *Kasper v. McGill Management Inc.*, 2019 IL App (1st) 181204, ¶¶ 19, 26 (only the plaintiff's testimony that he had previously seen runoff from rain that would go to the area of his fall).

allowing water to accumulate and flow down the designated path and freeze as the temperature dropped below freezing." Bleck's expert opinion regarding the slope of the parking lot thus matches up with the negligence theory alleged in the complaint.

¶ 17    Defendant's argument that plaintiff's expert affidavits lack factual basis is not persuasive. The experts explained that their opinions were based on personal inspection of defendant's business premises, the photographs taken during the inspection, and the video footage. They also set out the relevant data and industry standards in their reports attached to the affidavits. These constitute an adequate factual basis for the expert opinions. To the extent defendant seeks to discredit or refute the expert opinions, this provides an additional basis to conclude that summary judgment is inappropriate. See *Treadwell v. Downey*, 209 Ill. App. 3d 999, 1003 (1991) ("[T]he weight to be assigned to an expert opinion is for the jury to determine in light of his credentials and the factual basis for his opinion.").

¶ 18    Because questions of material fact exist as to whether the snow was unnaturally accumulated near the store entrance and whether the runoff from the snow piles refroze into the ice plaintiff slipped on, the issue regarding defendant's notice necessarily becomes a fact issue as well. See *Hornacek*, 2011 IL App (1st) 103502, ¶ 29 ("Notice is generally a question of fact for the jury to decide.").

¶ 19    For these reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 20    Reversed and remanded.